**UNITED STATES of America,**
**Petitioner-Plaintiff,**

v.

**CERTAIN LAND IN the BOROUGH OF MANHATTAN, City, County and State of New York, and 306 Broadway Realty Corp., et al., Defendants.**

**No. 64 Civ. 1322.**

United States District Court,
S. D. New York.

March 23, 1972.

---

Peter H. Ruvolo, Dept. of Justice, Land and Natural Resources Div. Brooklyn, N. Y., for petitioner-plaintiff.

Nathan L. and Joseph Z. Goldstein, Samuel Goldstein & Sons, J. Stanley Shaw, Jack Tamen, New York City, for defendants.

MOTLEY, District Judge.

*Memorandum Opinion on Plaintiff's Request for Pretrial Rulings*

This action was commenced by the United States on April 30, 1964 with the filing of a condemnation complaint on behalf of the General Services Administration of the United States. Title 40 U.S.C. § 256 et seq. By this action the GSA sought to acquire the fee simple title to certain properties in the Borough of Manhattan together with all buildings and improvements thereon. All matters in this action have been previously settled except: 1) the claims of certain tenants for compensation for removable fixtures, and 2) a claim by the Government against some of the tenants for the fair rental value and upkeep of the premises after it took possession and until these tenants vacated the condemned premises.

The GSA complaint sought to except from its taking "tenants removable trade fixtures." The meaning of this phrase in a condemnation proceeding was the subject of an opinion by Judge Dimock. United States v. Certain Property, 225 F.Supp. 498 (S.D.N.Y.1963), aff'd 388 F.2d 596, 598 (2d Cir. 1967). There Judge Dimock concluded that such words could not constitutionally operate to exclude compensation for those trade fixtures which constituted a part of the realty taken but which, under New York law, belong to the tenants.

Under New York law realty belonging to a tenant consists of removable trade fixtures which are removable without material injury to the freehold but which are materially damaged upon removal. United States v. Certain Property, 306 F.2d 439, 446 (2d Cir. 1962); United States v. Certain Property, 344 F.2d 142, 145 (2d Cir. 1965); United States v. Certain Property, 388 F.2d 596, 600 (2d Cir. 1968).

Clearly, tenants must be compensated for any real property owned by them which is taken by the Government in a condemnation proceeding. Kimball Laundry Co. v. United States, 338 U.S. 1, 5, 69 S.Ct. 1434, 93 L.Ed. 1765 (1949); United States v. Powelson, 319 U.S. 266, 275, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943).

The Government also relies upon clauses in the tenants' leases as a basis for denying compensation to the tenants for certain fixtures but concedes that its contentions with respect to the operative effect of these clauses has already been determined against it by Judge Friendly's decision in United States v. Certain Property, 306 F.2d 439, *supra*, involving similar clauses.

■ Each claimant has the burden of proving that he was the owner of the fixture for which compensation is sought. This proof establishes *ipso facto* that the owner is entitled to some compensation. Kimball Laundry Co. v. United States, 338 U.S. 1, 20, 69 S.Ct. 1434, 93 L.Ed. 1765 (1944). The burden of establishing the value of the fixture is on the owner. United States ex rel. T.V.A. v. Powelson, 319 U.S. 266, 273–274, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943); United States v. Glanat Realty Corp., 276 F.2d 264, 266 (2d Cir. 1960); Westchester County Park Commission v. United States, 143 F.2d 688, 692 (2d Cir. 1944). Both parties, however, may produce evidence from which the trier of the facts may conclude what that value is. See Kimball Laundry Co. v. United States, *supra*, 338 U.S. at 7–8, 69 S.Ct. 1434; United States v. Certain Property, 306 F.2d 439, 448 (2d Cir. 1962).

■ The claimants have all filed affidavits of ownership of the fixtures for which they claim compensation thus establishing a prima facie case of ownership on the part of each such claimant. If the Government challenges the ownership of any fixture for which compensation is claimed, it must, of course, produce evidence to rebut this prima facie case.

■ The Government also challenges the compensability of certain claimed items. As set forth above, the claimants are entitled to compensation only for those fixtures which upon removal do not materially damage the freehold but materially damage the fixtures. Therefore upon the trial it would be incumbent upon each claimant to prove that his particular fixture falls into this category. In United States v. Certain Property, 306 F.2d 439, 453, the court said:

"In each case the court should ascertain what property claimed by the tenant, existing on the date of the taking, fell within the category which New York regards as neither being so 'distinctively realty' as to belong to the landlord nor as being removable with such little difficulty or loss in value as to have retained its personal character. Having determined what property falls in that middle category, it should eliminate any which the tenant has chosen to remove of their own free volition. As to property so removed, the tenants are to be regarded as having waived any claim for compensation. We do not, however, mean to exclude property which a tenant removed under the practical compulsion of the Government's taking a position, improperly as we hold, that it would not compensate him for it; in such cases he is entitled to the difference between the value of the property in place and as removed . . . ."

■ Here, the Government claims that the tenants removed certain fixtures of their own volition. However, in United States v. Certain Property, 306 F.2d 439, *supra*, the tenants removed certain fixtures pursuant to the Government's contention that paragraph 11 of its lease with the tenants destroyed any claim the tenants would otherwise have had. When and what fixtures were removed, by whom, and for what reason, are disputed issues of fact in this case. Unless removal of tenants' fixtures pursuant to Governmental compulsion is demonstrated upon the trial, the tenants cannot be compensated for any fixtures which they removed from the premises.

■ The value of the fixtures is to be determined in accordance with their sound market value as used equipment in place. Evidence of reproduction costs less depreciation is admissible but not conclusive. United States v. Certain Property, 306 F.2d 439, 448, 453. The claimants may therefore introduce evidence of the depreciation and reproduction costs as some indication of what a hypothetical purchaser would pay. United States v. Certain Property, 388 F.2d 596, *supra*, at p. 600. The sound market value is to be determined as of April 30, 1964, the date of taking. United States v. Certain Property, 306 F.2d 439, *supra*, at p. 453.

Any claims relating to loss of business, loss of business opportunity, moving or relocation expenses are not compensable. See United States ex rel. T.V.A. v. Powelson, 319 U.S. 266, *supra*, at pp. 275–276, 63 S.Ct. 1047; United States v. Certain Property, 344 F.2d 142, *supra*, at p. 144. And no evidence with respect to any such losses will be received upon the trial.

On September 15, 1964, Judge Tenney of this Court entered an order providing that each tenant who remained on the premises subsequent to April 20, 1964 is liable and responsible for the fair rental value of the premises occupied, plus interest, as well as for the allocable operation and servicing expenses of the building until the date of the actual surrender of possession of said premises. The fair rental value of such premises is one of the issues to be decided upon the trial of this case. The burden is upon the Government to establish the fair rental value of the premises. The Government must also prove the allocable costs to each tenant for repairs, maintenance, utilities, upkeep, water and sewage charges in connection with the operation and servicing of the building after April 1964 and until such time as the building was surrendered to the Government by the tenants involved as set forth in Judge Tenney's order. (para. 3a)

On April 29, 1965 Judge Dimock entered an order in this case setting July 1, 1965 as the date for filing claims by tenants joined as parties defendants in this action. Thereafter on June 30, 1969, tenant Joseph Friedberg, and on July 30, 1969, tenant Sperio Soupious, filed claims. The Government has requested a ruling from the court that these claims are untimely. No good cause having been shown for such late filings, and the tenants having received notice of Judge Dimock's order, these two claims are dismissed as untimely. Other claimants in this action have failed to appear in response to any recent orders of the court; the claims of these persons are also dismissed. Submit order.